# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | Case No. 2:17-cv-01508-APG-PAL |
| Plaintiff, | **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| JONG BEOM PARK, | (ECF No. 17) |
| Defendant. | |

This case revolves around whether a deed of trust still encumbers property located at 3151 Twilight Hills Avenue in Henderson, Nevada following a non-judicial foreclosure sale conducted by a homeowners association (HOA). Plaintiff Federal National Mortgage Association (Fannie Mae) seeks a declaration that its deed of trust continues to encumber the property. Fannie Mae moves for summary judgment against the current property owner, defendant Jong Beom Park, arguing that the federal foreclosure bar in 12 U.S.C. § 4617(b)(2)(A)(i) precludes the HOA foreclosure sale from extinguishing Fannie Mae's interest in the property. I grant the motion.

## I. BACKGROUND

Jenny and David McCallum borrowed money to purchase the property in July 2005. ECF No. 17-1. The loan was secured by a deed of trust encumbering the property. *Id.* The deed of trust identifies the McCallums as the borrowers; Countrywide Home Loans, Inc. as the lender; Recontrust Company, N.A. as the trustee; and Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary as nominee for the lender and its successors and assigns. *Id.* at 3. In August 2005, Fannie Mae acquired ownership of the note and deed of trust, and has owned them ever since. ECF No. 17-2 at 3.

In September 2011, MERS assigned the deed of trust to Bank of America, N.A. ECF No. 17-3. Bank of America was Fannie Mae's servicer. ECF No. 17-2 at 4. In December 2011, Bank of America assigned the deed of trust to Fannie Mae. ECF No. 17-4.

1    In May 2013, the HOA conducted a non-judicial foreclosure sale because the McCallums had not paid their HOA assessments. ECF No. 17-5. Park purchased the property at the sale for $11,000. *Id.* at 4.

**II. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

The federal foreclosure bar in 12 U.S.C. § 4617(j)(3) provides that "in any case in which [the Federal Housing Finance Agency (FHFA)] is acting as a conservator," "[n]o property of [FHFA] shall be subject to . . . foreclosure[ ] or sale without the consent of [FHFA]." Fannie Mae argues that under the federal foreclosure bar, the HOA sale could not extinguish its interest in the property because at the time of the sale, FHFA was acting as Fannie Mae's conservator and Fannie Mae owned an interest in the property.

The question of whether the federal foreclosure bar preserves Fannie Mae's interest in this property following the HOA's foreclosure sale of its superpriority lien is controlled by *Berezovsky v. Moniz*, 869 F.3d 923 (9th Cir. 2017). In that case, the Ninth Circuit held that the federal foreclosure bar preempts Nevada law and precludes an HOA foreclosure sale from

extinguishing Fannie Mae's[1] interest in property without FHFA's affirmative consent. *Id.* at 927-31. Because Nevada law is preempted under the Supremacy Clause in this circumstance, Park's arguments about Nevada law and policy are unavailing. Likewise, his argument that Fannie Mae did nothing to prevent the HOA sale from proceeding does not preclude judgment in Fannie Mae's favor. *See id.* at 929 ("The Federal Foreclosure Bar does not require the Agency to actively resist foreclosure.").[2]

Additionally, the *Berezovsky* court accepted as proof of ownership the same type of evidence offered in this case. *Id.* at 932-33. Park offers no evidence raising a genuine dispute about Fannie Mae's interest, and he does not request relief under Federal Rule of Civil Procedure 56(d). His unsupported assertion that Fannie Mae may not be the "holder of the note" is insufficient to raise a genuine issue of material fact. Park must show "more than metaphysical doubt as to the material facts," and he "has not done so here." *Id.* at 933 (quotation omitted). Consequently, no genuine dispute remains that Fannie Mae owned an interest in the property at the time of the HOA foreclosure sale.

Finally, Park offers no authority for his assertion that Fannie Mae lacks standing because Fannie Mae has not shown "whether Freddie Mac owned the loan in question, or whether [Plaintiff] had a contract with Freddie Mac or the FHFA to service the loan in question." ECF No. 18 at 7 (alteration in original). It is unclear what Park is referring to because Freddie Mac is not involved in this case, nor is a servicer attempting to sue on Fannie Mae or Freddie Mac's behalf. Fannie Mae is the plaintiff. To the extent Park is arguing Fannie Mae does not have standing to assert the federal foreclosure bar, I reject that argument. *See, e.g.*, *Saticoy Bay, LLC Series 2714 Snapdragon v. Flagstar Bank, FSB*, 699 F. App'x 658 (9th Cir. Oct. 20, 2017) (holding a loan

---

[1] *Berezovsky* involved the Federal Home Loan Mortgage Corporation ("Freddie Mac") but there is no material difference between Freddie Mac and Fannie Mae for these purposes. Both were placed into conservatorship under FHFA, and the federal foreclosure bar prohibits the non-consensual foreclosure of FHFA's assets. *Berezovsky*, 869 F.3d at 925-27.

[2] To the extent Park is asserting some sort of unclean hands or laches defense, he has not sufficiently developed or supported the defenses. Nor has he requested relief under Federal Rule of Civil Procedure 56(d) to do so.

servicer acting as Fannie Mae's agent may assert federal preemption); *Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC*, 396 P.3d 754, 758 (Nev. 2017) (same).

Under the federal foreclosure bar and *Berezovsky*, Fannie Mae's interest cannot be extinguished without FHFA's consent. I therefore grant Fannie Mae's motion for summary judgment.

## III. CONCLUSION

IT IS THEREFORE ORDERED that plaintiff Federal National Mortgage Association's motion for summary judgment **(ECF No. 17) is GRANTED**. It is hereby declared that the homeowners association's non-judicial foreclosure sale conducted on May 23, 2013, did not extinguish Federal National Mortgage Association's interest in the property located at 3151 Twilight Hills Ave in Henderson, Nevada, and thus the property is subject to the deed of trust.

IT IS FURTHER ORDERED that on or before May 23, 2018, the parties shall file a joint status report regarding what, if anything, remains of this case.

DATED this 2nd day of May, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE